Opinion
SOVEN, J.
Defendants Guadron, Mejia and Gamez appeal from a judgment in an unlawful detainer action in favor of plaintiff William Little. We reverse.
Facts
In 1978 plaintiff landlord rented the unit involved to one Pedro Gamez, the son of defendant Guadron. The unit was rented on a month-to-month oral lease. As of November 1983, the rent was $195.78. The unit was subject to the City of Los Angeles Rent Stabilization Ordinance.
Defendant Guadron claimed she had moved into the unit with her son Pedro in August 1978 and had lived there continuously. In September 1983, *Supp. 3 defendant Mejia moved into the unit. In November 1983, Pedro Gamez moved out and another son, defendant Elias Gamez, moved into the unit. While Pedro Gamez was living in the unit he always paid the rent. Defendant Guadron never told plaintiff that she also lived in the unit, and after Pedro moved out, she continued to pay the rent under the name of Pedro Gamez.
On about December 23, 1983, defendant Guadron paid $196 in rent. Plaintiff, who did not know that persons other than Pedro were occupying the unit, learned about this time that Pedro Gamez had moved out the preceding month and that the unit was occupied by defendants.
On December 27, 1983, at plaintiff’s request or demand, defendants signed a rental agreement which provided for a monthly rental of $265.
On May 5, 1984, defendants were served with a three-day pay or quit notice demanding rent for February, March and April at $265 a month and $69 due from January. Defendants did not pay the rent and plaintiff filed this action in unlawful detainer. Defendants filed an answer generally denying the allegations in the complaint and affirmatively alleging that the rent demanded in the notice exceeded the legal amount which could be demanded under the City of Los Angeles Rent Stabilization Ordinance.
After a court trial, judgment was entered in favor of plaintiff. However, the court granted defendants’ application for a stay of execution pending appeal conditioned on defendants paying the judgment and rent at the rate of $265 a month.[1]
Discussion
The parties agree that the monthly rent of $265 is a lawful rent under the Los Angeles City Rent Stabilization Ordinance (RSO) if the December 1983 written agreement constitutes a lawful “re-rental” of the unit within the meaning of RSO. Defendants contend, however, that no “re-rental” occurred and that the agreement for a rent of $265 a month constituted an unlawful demand for rent. We agree with defendants.
We conclude that each defendant is either a cotenant with the original occupant,[2] a lawful subtenant, or a lawful assignee; that a “re-rental” under *Supp. 4 the rent stabilization ordinance does not occur where a unit is occupied by a cotenant, lawful subtenant or lawful assignee; and therefore under RSO, the rent cannot be increased other than in compliance with RSO while the unit continues to be occupied by one of the defendants.
The relevant portions of RSO provide as follows:
Section 151.02 defines a tenant as a “tenant, subtenant, lessee, sublessee or any other person entitled to use or occupancy of a rental unit.”
Section 151.04 provides that it shall be unlawful for any landlord to “demand, accept or retain more than the maximum adjusted rent permitted
Section 151.06 (C) provides that “if the rental unit was vacated voluntarily ... the maximum rent . . . may be increased to any amount upon the re-rental of the rental unit,” and “as long as the rental unit continues to be rented to one or more of the same persons, no other rent increase shall be imposed pursuant to this subsection.”
Defendants contend, and we agree, that nothing in the 1978 oral tenancy prohibited the tenant Pedro Gamez from subleasing or assigning the lease in defendants’ favor, and nothing in the oral tenancy restricted the number of persons entitled to live with Pedro when he moved into the unit.
The law is clear that in the absence of a covenant or condition to the contrary the tenant may make an assignment or sublease. (3 Witkin, Summary of Cal. Law (8th ed. 1973) Real Property, § 481, pp. 2163-2164.) It is not disputed that the 1978 oral lease made no provision for any matter other than the payment of rent.
Plaintiff contends that until the rental agreement was signed in December 1983, defendants were occupying the premises without plaintiff’s consent or permission. However, plaintiff’s consent or permission was not required under the terms of the 1978 oral agreement. Plaintiff also contends that the effect of adopting defendants’ position is to establish a “revolving door” rule which will permit wholesale circumvention of the “vacancy decontrol” provisions of the rent control law. Plaintiff’s concerns are misplaced on the facts of this case.
Nothing in this opinion prevents a landlord from requiring a new tenant to sign a written agreement that either provides for a maximum number of tenants, specifies the tenants by name, prohibits assignment, prohibits subleasing or all of the above conditions. Indeed, even if only an oral rental *Supp. 5 agreement is involved, the landlord is free to mark the first rent receipt with the names of authorized tenants.
If any of defendants are still in possession under the terms of the stay order, defendants would be entitled to a credit reflecting the difference in the lawful rent under RSO for the unit and the rent paid.
The judgment is reversed. Costs to appellant.
Bernstein, P. J., and Reese, J., concurred.

The record does not indicate whether defendants are still in possession.

At oral argument, plaintiff appeared to concede that defendant Guadron moved into the unit with her son Pedro, a lawful tenant. However, when Guadron moved into the unit is irrelevant in this case.